IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Criminal Case No. 08-cr-00122-JLK

UNITED STATES OF AMERICA,

Plaintiff,

v.

2. LISA MARIE HERNANDEZ,

Defendant.

_____

**ORDER**
_____

This matter is before me on **Lisa Hernandez Motion to Waive Appearance and to Accept Plea of Not Guilty** [Doc. # 70, filed 10/10/2008] (the "Motion"). Because the Motion was submitted by defense counsel as a waiver rather than a motion, it was not brought to the attention of the court until this morning at the defendant's rearraignment on the superseding indictment. The Motion is DENIED, and the rearraignment of Ms. Hernandez is reset to **October 22, 2008, at 10:00 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

The Motion purports to invoke the provisions of Fed. R. Crim. P. 10(b) and requests that the defendant "and her counsel" be excused from appearing at the rearraignment. Rule 10(b) contemplates the waiver of the appearance of the defendant at an arraignment upon certain conditions, stating:

> (b) Waiving Appearance. A *defendant* need not be present for the arraignment if:
>
> (1) the defendant has been charged by indictment or misdemeanor

information;

(2)  the defendant, in a written waiver signed by both the defendant and defense counsel, has waived appearance and has affirmed that the defendant received a copy of the indictment or information and that the plea is not guilty; and

(3)  the court accepts the waiver.

(Emphasis added.) The rule is silent on the notion of defense counsel not appearing at the arraignment. The Advisory Committee Notes to the 2002 Amendments to Rule 10 state, however, that "[i]n amending Rules 10 and 43, the Committee was concerned that permitting a defendant to be absent from the arraignment could be viewed as an erosion of an important element of the judicial process," and that "[i]t is important to note that the amendment does not permit the defendant to waive the arraignment itself. . . ." I am left to wonder what purpose, important or otherwise, is served by an arraignment if neither the defendant nor counsel is present.

IT IS ORDERED that the waiver is refused and the Motion is DENIED.

IT IS FURTHER ORDERED that the rearraignment of defendant Lisa Marie Hernandez is reset to **October 22, 2008, at 10:00 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The defendant shall be returned to court at that date and time.

Dated October 20, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge